UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD JULIUS MULLINS, | No. 2:17-cv-0036 DB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| KATY CHATFIELD, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of a magistrate judge. On October 25, 2017, the court screened the complaint and dismissed the action without prejudice because it was clear from the face of the complaint that plaintiff did not exhaust administrative remedies prior to filing suit. (ECF No. 19.)

Following the dismissal, plaintiff filed a motion for reconsideration (ECF No. 23) and a notice of appeal (ECF No. 24). By order dated February 28, 2017, the Ninth Circuit Court of Appeals vacated the judgment and remanded this matter for further proceedings based on its recent holding in Williams v. King, 875 F.3d 500, 503-04 (9th Cir. 2017).[1] (ECF No. 27.) The court has re-screened the complaint and reviewed the amended complaints and the motion for

---

[1] The court held that a Magistrate Judge does not have jurisdiction to dismiss a case unless all of the parties have consented to Magistrate Judge jurisdiction.

1

reconsideration. Based on the foregoing, the court will direct the clerk to assign a district judge and recommend to the assigned district judge that this case be dismissed without prejudice for failure to exhaust administrative remedies.

## BACKGROUND

Plaintiff filed his original complaint here on January 9, 2017. (ECF No. 1.) He identified three defendants Katy Chatfield, Joe Lizarraga, and Scott Kernan. Plaintiff complained that defendant Correctional Officer Chatfield authored rules violation reports against him in retaliation for a staff complaint plaintiff filed against another correctional officer. Since then, plaintiff has filed two additional complaints in this case. (ECF Nos. 7, 17.) In addition to Chatfield, Lizarraga and current CDCR Director Allison, plaintiff adds claims against defendants Allen, Knight, and Johnson for the denial of his appeals regarding the rules violations.

## SCREENING

### I. Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic

Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1987); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

////

////

## II. Exhaustion of Administrative Remedies

Generally "a prisoner must exhaust his administrative remedies for the claims contained within his complaint before that complaint is tendered to the district court." Rhodes v. Robinson, 621 F.3d 1002, 1004 (9th Cir. 2010) (citing McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curium); and Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); 42 U.S.C. § 1997e(a). Recently, the United States Supreme Court confirmed that district courts are bound by the PLRA's textual mandate requiring all inmates to exhaust administrative remedies before bringing an action in federal court. See Ross v. Blake, 136 S. Ct. 1850, 1856-57 (2016) (refuting a "special circumstance" exception to the rule of exhaustion).

"Proper exhaustion demands compliance with an agency's . . . critical procedural rules," Woodford v. Ngo, 548 U.S. 81, 90 (2006). Thus, "to properly exhaust administrative remedies, prisoners 'must complete the administrative review process in accordance with the applicable procedural rules,' [] rules that are defined . . . by the prison grievance system itself." Jones v. Bock, 549 U.S. 199, 218 (2007) (quoting Woodford, 548 U.S. at 88).

In California, an inmate may appeal "any policy, decision, action, condition, or omission . . . having a material adverse effect on upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). Inmates must complete three levels to exhaust the appeal process: (1) formal written appeal on CDCR Form 602; (2) second-level appeal to the institution head or designee; and (3) third-level appeal to the Director of the CDCR. Id. § 3084.7. The third level constitutes the decision of the Secretary of the CDCR and exhausts a prisoner's administrative remedies. Id. § 3084.7(d)(3).

It is clear from plaintiff's recitation of the facts that his appeals of defendant Chatfield's three rules violation reports were not resolved until after January 9, 2017 when he filed this action. In his second amended complaint filed August 11, 2017, plaintiff states that he was found guilty by defendant Knight of the first rules violation, a charge of "overfamiliarity," at a hearing held on January 23, 2017. (ECF No. 17 at 7.) Plaintiff appealed the guilty finding on February 3, 2017. (Id. at 9.) Plaintiff states defendant Allen held a hearing on February 11, 2017 and denied his appeal. (Id. at 9-10.)

4

Plaintiff further states he filed an administrative grievance, appealing the other two rules violations, referred to as 128 counseling chronos, on January 9, 2017, the same day he filed the complaint. (Id. at 8.) It is clear that plaintiff had not fully exhausted administrative remedies through all three levels before he brought suit in this case, and the court must dismiss the complaint. See Booth v. Churner, 532 U.S. 731, 738 (2001) (A plaintiff is required to exhaust administrative remedies before a § 1983 claim may be entertained).

Because plaintiff did not exhaust his administrative remedies prior to sending his complaint to this court, this court "must dismiss his suit without prejudice." Vaden, 449 F.3d at 1051 (citing Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003)). If plaintiff wishes to pursue these claims, he must file a new action when, and if, he has exhausted his administrative remedies.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court is directed to randomly assign a district judge.

IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 5, 2018

_/s/ Deborah Barnes_
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB1/Orders/Prisoner-Civil Rights/mull0036.scrnF&R

5